EDWARD H. FOLEY et al., Respondents, *v.* THE MANUFACTURERS AND BUILDERS' FIRE INSURANCE COMPANY of New York, Appellant.

1. FIRE INSURANCE — INSURABLE INTEREST — INCOMPLETE BUILDINGS. The owner in fee, who is in possession of land on which incomplete buildings are in course of construction under a contract binding the contractor to furnish the materials and complete the buildings (above the foundations) within a time specified which has not yet expired, for a specified sum payable after their completion, has an insurable interest to the whole value of the buildings, although in case of their destruction by fire before completion he may not be bound to pay the contractor for the work done or materials supplied, and the contractor may remain bound by the contract.

2. INSURER'S LIABILITY — EFFECT OF OWNER'S REMEDY AGAINST THIRD PERSON. The liability of an insurer for buildings destroyed by fire is not affected, in the absence of any exemption in the policy, by the fact that they cost the owner nothing, or that he may compel another person to replace them without expense to him, or that he may recover his loss by resort to a contract liability of a third person.

(Argued February 10, 1897; decided March 2, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the fourth judicial department, entered November 30, 1894, which affirmed a judgment in favor of plaintiffs entered upon a verdict.

This action was brought by plaintiffs upon a policy of insurance, to recover damages alleged to have been caused by fire to three dwelling houses in process of construction for them.

The facts, so far as material, are stated in the opinion.

*Frank Hiscock* for appellant.    Plaintiffs were only entitled to recover of defendant one-half of the damages caused to the foundations, etc., constructed by themselves, plus at the utmost one-half of the amount at the time of the fire paid by them to the contractor. (Porter on Ins. § 221; May on Ins. §§ 2, 7–11; *P. & M. Ins. Co.* v. *Thurston*, 93 Ala. 255; *M. F. Ins. Co.* v. *Andes, etc., Co.*, 67 Ill. 362; *Andrews* v. *Durant*, 11 N. Y. 35; *Tompkins* v. *Dudley*, 25 N. Y. 272; *C. Ins. Co.* v. *C. C. Ins. Co.*, 81 Ala. 320; *Lawing* v. *Rintles*, 97 N. C. 350; *S. Ins. Co.* v. *Farrell*, 2 Ins. L. J. 302; Wood on Ins. § 473; *Hadley* v. *N. H. F. Ins. Co.*, 55 N. H. 110; *Putnam* v. *M. M. Ins. Co.*, 5 Metc. 386; *Savage* v. *C. E. F. & I. Ins. Co.*, 36 N. Y. 655.)

*William P. Goodelle* for respondents.    The extent of appellant's liability is the only question involved in this case. The insurance company should pay for the value of the property destroyed, which it had insured against loss by fire. (*Ins. Co.* v. *Updegraff*, 21 Penn. St. 513, 521; *Kernochan* v. *N. Y. B. F. Ins. Co.*, 17 N. Y. 428; *Deforest* v. *F. F. Ins. Co.*, 1 Hall, 84; *E. F. Ins. Co.* v. *R. Ins. Co. of Liverpool*, 55 N. Y. 359; *Clover* v. *G. Ins. Co.*, 101 N. Y. 277.) If the plaintiffs had an insurable interest at the time the insurance was effected and also at the time of the loss, the value of that interest in the insured property is not material, and they are entitled to recover the whole amount of damages to the property not exceeding the sum insured. (*Strong* v. *M. Ins. Co.*, 10 Pick. 43; *Barden* v. *H. M. Ins. Co.*, 18 Pick. 523; *Willenberger* v. *Beacon*, 9 Barr, 199; *Ins. Co.* v. *Updegraff*, 21 Penn. St. 513.) The plaintiffs were at the time of the fire the absolute and legal owners of the houses, and their insurable interest was the

full value of the buildings. (*Foley* v. *F. F. Ins. Co.*, 71 Hun, 369; *Cone* v. *N. F. Ins. Co.*, 60 N. Y. 619; *Riggs* v. *C. M. Ins. Co.*, 125 N. Y. 7; *Cross* v. *N. F. Ins. Co.*, 132 N. Y. 133; *E. F. Ins. Co.* v. *R. Ins. Co. of Liverpool*, 55 N. Y. 343; May on Ins. § 116; *Stillwell* v. *Staples*, 19 N. Y. 401, 404, 405; *Deforest* v. *F. F. Ins. Co.*, 1 Hall, 84; *Waters* v. *M. Ins. Co.*, 5 El. & Bl. 870; *Waring* v. *I. F. Ins. Co.*, 45 N. Y. 606; *White* v. *Madison*, 26 N. Y. 117.) There is nothing in the relation of these parties to each other, or to the property insured, of which the defendant can avail itself as a defense. (*Bicknell* v. *L. C. & C. F. Ins. Co.*, 58 N. Y. 677; *King* v. *S. M. F. Ins. Co.*, 7 Gray, 7; *Mfg. Co.* v. *Ins. Co.*, 135 Mass. 506.) By the terms of the policy, the indemnity was against the loss or damage which might come to the insured property, and it was that loss or damage which the underwriter undertook to make good, not exceeding the amount of the policy. (*C. Ins. Co.* v. *A. Ins. Co.*, 138 N. Y. 24; May on Ins. § 116.)

ANDREWS, Ch. J.   The sole question in this case is whether the plaintiffs had an insurable interest equal to the full value of the incomplete buildings in course of construction on their lot when the fire occurred. It is the contention on the part of the defendant that, as the houses were being constructed under a contract by which the contractors were to furnish the materials and build the houses (above the foundations), and to complete them by a time specified, which had not expired at the time of the fire, for a specified sum to be paid within ten days after their completion, the plaintiffs had no interest to protect in the structures while in their incomplete state, since their destruction by fire would be the loss of the contractors and not of the owners, whose obligation to build and complete the houses, as the condition of payment, would continue after as before the fire. It may be admitted that the contractors would remain bound by the contract, notwithstanding the destruction of the buildings by fire, and that the owners would not be bound to pay for the work done or materials supplied

up to the time of the fire. (*Tompkins* v. *Dudley*, 25 N. Y. 272.) The contention of the defendant rests upon a misconception of the insurer's contract and as to the insurable interest of the plaintiffs in the structures. The defendant, by its contract, undertook to insure the plaintiffs against loss by fire, not exceeding the sum specified to the "described property," the loss or damage to be ascertained " according to the actual cash value " of the property at the time of the fire. The parties by this contract made the value of the property insured, within the limit, the measure of the insurer's liability. It is an undoubted principle in fire insurance that there must be an insurable interest in the insured, or an insurable interest which he represents in the subject of insurance, existing at the time of the happening of the event insured against to enable him to maintain an action on a fire policy. This flows from the nature of the contract of fire insurance, which is a contract of indemnity ; and where there is no interest there is no room for indemnity. The plaintiffs had an interest in the subject of insurance both at the inception of the contract and at the time of the fire. They owned the land upon which the structures were being erected. They themselves had constructed the foundations of the buildings, and in describing the property insured the foundations were specifically named. They were in possession of the premises, and the ownership of the fee of the land on which the contractors were erecting the buildings carried with it the ownership of the structures as they progressed, which, according to the general rule of law, became part of the realty by annexation. It is not claimed, nor could it upon the evidence be claimed, that there was any intention either on the part of the owners or the contractors to sever the ownership of the structures from the ownership of the land while the work was in progress or that the contractors should retain title to the materials put into the buildings until their completion. The defendant is compelled to admit that the loss sued for is within the exact terms of the policy. It is conceded that the recovery does not exceed the property loss occasioned

by the fire, and if counsel can be deemed to have denied that the legal ownership of the structures was in the owners of the land at the time of the fire, the denial is very indistinct and certainly is not justified by the facts or the law. The defense comes to this : That as the plaintiffs, by their contract with third persons, have imposed upon them the risk and expense of furnishing complete structures, and have assumed no liability until the structures are completed, they had no insurable interest and have sustained no loss. But the contract relations between the plaintiffs and the contractors is a matter in which the defendant has no concern. When the policy was issued it could not be known whether the contractors would perform their contract. If they abandoned it the owners would derive such advantage as would accrue from the partial construction of the buildings prior to such abandonment. It is possible that if the defendant is compelled to pay the policy the plaintiffs may, if they insist upon their rights against the contractors, get double compensation, unless they should be adjudged to hold the fund recovered for the contractors. But, however this may be, the owners had an insurable interest to the whole value of the buildings on their land, and the defendants neither can compel the plaintiffs to put the loss on the contractors, nor can they resort to the terms of the building contract to diminish the liability for an actual loss within the terms of the policy.

The fact that improvements on land may have cost the owner nothing, or that if destroyed by fire he may compel another person to replace them without expense to him, or that he may recoup his loss by resort to a contract liability of a third person, in no way affects the liability of an insurer, in the absence of any exemption in the policy. (See *Clover* v. *Greenwich Ins. Co.*, 101 N. Y. 277; *Kernochan* v. *N. Y. Bowery F. Ins. Co.*, 17 id. 428; *Riggs* v. *C. M. Ins. Co.*, 125 id. 7; *International Trust Co.* v. *Boardman*, 149 Mass. 158.)

The judgment should be affirmed.

All concur, except MARTIN and VANN, JJ., not sitting.

Judgment affirmed.