## GEORGE M. KAHN AND ANOTHER v. AMERICAN INSURANCE COMPANY AND ANOTHER.[1]

### May 18, 1917.

### Nos. 20,300—(66).

**Landlord and tenant — termination of lease.**

1. In an action upon an insurance policy insuring lessees' leasehold interest against loss by fire, where the lease contains a provision, that in case the premises or any part thereof or any part of the buildings of lessors of which they form a part, shall be destroyed or damaged by fire or other unavoidable casualty, then the lease and the term demised shall terminate at the election of the lessor, *held*, that the lessor was, under the evidence, within his legal right in terminating the lease.

**Fire insurance — construction of lessee's policy.**

2. A policy insuring lessee against loss to his leasehold construed under the same rules of construction applicable to ordinary fire insurance policies.

**Same.**

3. In an action upon an insurance policy insuring lessee against loss to the leasehold, the contract relations between the lessor and lessee and a settlement of their differences arising from a fire to the leased premises are matters in which the insurer has no concern.

[1]Reported in 162 N. W. 685.

**Termination of lease — waiver of notice.**

> 4. In a settlement had subsequent to notice by the lessor to terminate a lease under the provisions thereof, and after the commencement of an action in unlawful detainer to recover possession of the leased premises, the including of rent accruing after service of such notice in the settlement, under the circumstances in this case, *held*, not to be a waiver of the notice to terminate the lease.

Action in the district court for Ramsey county against the American Insurance Company of Newark and the Boston Insurance Company to recover $3,000 each upon two policies of insurance. The insurance was to indemnify plaintiff against loss to its leasehold interest in the premises under a certain lease from the Schneider Realty Company to the insured. The facts are stated in the opinion. The case was tried before Michael, J., who made findings and ordered judgment in favor of defendants. From an order denying plaintiffs' motion for a new trial, they appealed. Reversed.

*C. D. & R. D. O'Brien,* for appellants.

*Watson & Abernethy,* for respondents.

QUINN, J.

Action to recover from the defendant companies upon two insurance policies insuring plaintiffs' leasehold interest against loss. The cause was tried to the court, findings were made and judgment ordered for defendants. From an order denying their motion for a new trial, plaintiffs appealed.

May 7, 1913, the Schneider Realty Company was the owner of and leased to the plaintiffs the basement and the first floor of No. 104 and one rear room on the second floor of No. 104 to No. 110 East Seventh street in the city of St. Paul for the term of five years from July 1, 1913, at a rental of $5,000 per annum, with the right to renew the lease for an additional period of five years at $6,000 per annum. This lease contained the following provision:

"Provided also that in case the premises or any part thereof or any part of the building of the lessor of which they form a part, shall be taken for any street or other public use, or shall, during this lease, be destroyed or damaged by fire or other unavoidable casualty, or by the action of

the city or other authorities, then this lease and the term demised shall terminate at the election of the lessor."

January 23, 1915, defendants issued to plaintiffs policies of $3,500 each, insuring their leasehold against loss for a period of one year. The policies were in the Minnesota standard form, and contained the following provisions:

"This insurance is to indemnify the insured named herein against loss to the leasehold interest in said property under the terms of a certain lease entered into between the Schneider Realty Company (a corporation) and the insured herein."

"In case of loss whereby the above referred to lease is vitiated, this company agrees to pay to said insured the whole amount of this policy of insurance less 1-42nd part of said policy for each month that has elapsed from date of issuance of this policy to the date of the occurrence of any loss."

"In the event, however, of any loss whereby said lease is not impaired, then this company shall not be liable to said insured for any amount whatever."

July 1, 1915, plaintiffs paid to lessor the rent to August 1. July 12, a fire occurred in the building of which the leased premises formed a part. July 15, lessor served a notice upon plaintiffs of its election to terminate the lease on account of the fire. July 20, after receiving notice of the fire, defendants canceled the policies. The plaintiffs refused to vacate the premises, and, on August 3, lessor commenced an action in unlawful detainer to recover possession thereof. August 10, a settlement was had between the lessor and the lessees of all matters of difference between them arising from the lease. As a part of this settlement rent was computed from August 1 to the date of settlement, and the lessor executed to plaintiffs a lease of the premises to be thereafter constructed upon the same lots, for the term of eight years from April 1, 1916, and paid to the plaintiffs a certain sum of money, the plaintiffs acknowledging the cancelation of the lease, and agreeing to surrender possession of the premises September 1, 1915. On the following day, August 11, lessor proved its case and took judgment by default in the unlawful detainer action based upon its election and notice to terminate the lease.

It is the contention on the part of defendants: (1) That, by ac-

cepting rent subsequent to the serving of the notice of cancelation of the lease, and in making settlement with the lessees, the lessor waived its right to terminate the lease; and (2) that the damage occasioned to the building by the fire was not such as to authorize or justify the lessor in terminating the lease.

With these contentions we are unable to agree. The defendants, by their contract, undertook to indemnify plaintiffs against loss to their leasehold in the full amount specified in the policies. The amount to be paid is fixed by the policies. The plaintiffs were in possession of the premises, and enjoying therein a thriving business, with no intention of discontinuing the same during the lifetime of the lease. The loss sued for is within the exact terms of the policies, and whether there was a loss depends upon whether the lease was vitiated, that is, rendered ineffective either wholly or in part.

The defense comes to this: Was the damage to the building, of which the leased premises formed a part, such as to warrant the lessor in terminating the lease? And, if so, would the lessor waive its right to cancel the lease by accepting rent or by settling with the plaintiffs? The same rules of construction apply to the policies under consideration as are applied to the ordinary fire insurance policies.

The fact that plaintiffs settled their differences arising from the lease with the lessor is no concern of the defendants. In case the defendants are compelled to pay the policies, it may be that the plaintiffs will realize more than the value of the leasehold; however this may be, they had a valuable insurable interest in the leasehold; the defendants undertook to insure the same against loss and have no right to resort to the settlement between the lessees and the lessor to escape liability on the policies. There being no exemption in the policies, the insurers' liability to the amounts specified in the policies attaches immediately upon the occurrence of the loss, and the loss occurs, in this case, upon the legal termination of the lease. Foley v. Manufacturer's & B. F. Ins. Co. 152 N. Y. 131, 46 N. E. 318, 43 L.R.A. 664, and cases cited therein.

As to the contention that the damage to the building caused by the fire was not such as to warrant the lessor in terminating the lease, it may be said: That the testimony is ample to justify the finding of the trial court that the building of which the leased premises formed a

part was damaged by the fire, and also to justify the lessor in terminating the lease. There was testimony to the effect that the fire was in the second and third stories of the building, and in the store room adjoining the one occupied by the plaintiffs; that the light shaft was about 10x12 feet in size, and entirely destroyed; that the roof was injured, and that the fire extended into a closet near the skylight and into the east wall; that the store room occupied by the plaintiffs was soaked by water used in extinguishing the fire, so that the plastering on the ceiling came off, and that plaintiffs' entire stock of goods therein was badly soaked and damaged.

We are of the opinion that the lessor was acting within its legal right, in electing to terminate the lease on account of the fire, that there was no waiver, and that the lease terminated upon the service of the notice on July 15, 1915. It is ordered that the order appealed from be reversed and a new trial granted.