# THE

# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK

COMMENCING MARCH, 1926.

---

SAMUEL H. LARNER, Plaintiff, *v.* COMMERCIAL UNION ASSURANCE COMPANY, LIMITED, OF LONDON, ENGLAND, Defendant.

Supreme Court, Albany County, March, 1926.

Insurance — fire insurance — action by lessee on policy issued to him on betterments and improvements placed in building by him — lessor after fire restored premises — lessee cannot recover — payment of premium gave no right of recovery where there was no loss.

The lessee of a building who procured fire insurance on betterments and improvements made by him in the building, cannot recover on the policy the amount of damage caused by a fire which destroyed a part of the betterments and improvements, since it appears that after the fire the lessor of the building, pursuant to his obligation under the lease, restored the premises to the condition in which they existed prior to the fire; a policy of fire insurance is a contract of indemnity, and where no loss is shown no recovery can be had.

The mere fact that the lessee paid his premium does not give him the right to recover the amount of damage caused by the fire, where, through the action of the lessor, he has suffered no loss.

ACTION by lessee on policy of fire insurance.

*Dugan & Bookstein*, for the plaintiff.

*Ainsworth, Sullivan, Wheat & Archibald* [*Charles B. Sullivan* of counsel], for the defendant.

STALEY, J. On December 24, 1921, Harry Pomerantz and Sam Gettinger owners, entered into a lease with Louis M. Gamsu, of premises known as 68 and 70 South Pearl street, Albany, N. Y. By the terms of the lease, which was to run for ten years and three months, the lessee was required to remodel the premises. The lessee, pursuant to the lease, remodeled the premises, the value of the betterments and improvements being in the neighborhood of $24,000. After these betterments and improvements were made, the lessee took out a policy of fire insurance with the defendant company for the sum of $10,000, " on the assured's insurable interest in betterments and improvements " to the premises in question.

Subsequently a fire occurred and the betterments and improvements were damaged in the sum of $1,890.93.

Under the terms of the lease it was agreed that in case the premises were partially damaged by fire, but were tenantable, they would be repaired as speedily as possible at the expense of the lessor.

After the fire the lessor, pursuant to his obligation under the lease, restored the premises.

This action is brought by the assignee of the lessee to recover the loss caused by the fire to the betterments and additions.

There is no dispute here but that the lessee did have an insurable interest in the betterments and additions and thus might take out a policy of fire insurance indemnifying him against loss by fire. Neither is there any dispute as to the amount of damage done by the fire. The claim of the defendant is, however, that since the lessor has replaced the betterments and additions, and that this was done before the policy in question became payable, the lessee has not suffered any loss recoverable under his policy.

In view of my conclusion, it is not necessary to determine precisely what interest in the betterments and improvements was insured. Since the betterments and improvements have been restored under the circumstances disclosed here, the insured has not suffered any loss coming within the terms of the policy, whether it is construed to insure the specific property, or the interest of the lessee in its use during the period of the lease.

A policy of fire insurance is a contract of indemnity. Under a policy of fire insurance the insured may recover to the extent of his loss, but no more.

It was said in an early case in this State (*Kernochan* v. *New York Bowery Fire Ins. Co.*, 17 N. Y. 428, 442) with reference to a statement that a mortgagee might recover both his debt and insurance money:

" This view, however, it will be seen, ignores the principle of public policy that no man should be allowed to bargain for an advantage to arise from the destruction of life or property, in other words, to lay a wager that a particular person will die or a particular property be burnt within a given period. We regard the contract of insurance as one purely of indemnity. Should it be said that insurance companies will receive premiums without a corresponding risk, the answer is that such suggestions may be safely left to the interest of the parties, who will soon adjust their premiums to the diminished losses."

The insured in this case relies principally upon *Foley* v. *Manufacturers' Fire Ins. Co.* (152 N. Y. 131). In that case it appeared that the owner of property entered into a contract with a builder

to erect three dwelling houses upon premises owned by him.    Before the buildings were completed they were destroyed by fire.    In the meantime the owner had insured the property.    It was held that he might collect the insurance although it was the duty of the builder to rebuild.    In that case it was said that the fact that improvements on land may have cost the owner nothing, or that if destroyed by fire he might compel another person to replace them without expense to him, or that he might recoup his loss by resort to a contract liability of a third person, in no way affects the liability of the insurer in the absence of any exemption in the policy.

As applied to the facts in the *Foley* case that statement seems to be in accord with the authorities.    The builder had not replaced the buildings destroyed by the fire when the policy became payable. That being the case the insured was entitled to a recovery upon his policy.    But he could not thereafter insist upon the builder replacing the building and continue to hold the insurance money. He could not have both.    It was suggested in the opinion in the *Foley* case that it was possible that the owners might get double compensation unless they should be adjudged to hold the fund recovered for the builder.    Perhaps it would have been more accurate to have said that the owners might obtain double compensation unless they were adjudged to hold the fund recovered for the insurer.    As the insurer had no contract with the contractor, the insurance money belonged to the owner and was not held in trust for the contractor.    (*Brownell* v. *Board of Education*, 239 N. Y. 369.)

To hold in the present case that the insured has suffered no loss under the policy because the improvements and betterments have been restored, prevents double indemnity, and, moreover, is consistent with the general doctrines of subrogation.    If the owner of the premises had not performed his agreement to restore the additions and betterments, then the insured might recover on his policy, and the insurer would be subrogated to the right of the insured against the owner to the extent of the loss paid by the insurer. On the other hand, even though the policy in question had been paid directly after the fire, and then the owner of the premises had restored the betterments and improvements, still the insurance company ought to have the right to recover back from the insured the amount paid on the loss.

This seems to be the rule in England.    In *Darrell* v. *Tibbitts* (L. R. 5 Q. B. Div. 560) it appeared that the owner of a house in Brighton demised it to a tenant who agreed to keep the premises in repair.    The owner insured the house by a policy against fire

which covered injury by explosion of gas. The house was injured by reason of an explosion of gas and the insurer paid the loss. The lessee reinstated the house. The insurer then sued to recover back from the owner such amount as was in excess of the actual loss which he sustained. It was held that the insurer might recover. The effect of the decision was to hold that a policy of fire insurance is a contract of indemnity, and upon payment of the amount of loss the insured is entitled to be put in the place of the assured, and if at a subsequent time the assured received compensation from other sources for the loss sustained by him, the insurer is entitled to recover back from the assured any sum which he may have received in excess of the loss actually sustained by him. This question was elaborately examined in the case of *Castellain* v. *Preston* (L. R. 11 Q. B. Div. 380) and the doctrine of the *Darrell* case was followed and applied.

The insured suggests that he has paid his premium and ought to have the proceeds of the policy. It is true that he had paid his premium, but what he paid was for indemnity. This he has received. If for any reason the lessor had failed in performing his obligation, the insured would have a right to recover upon this policy. Indemnity, however, is all that was bargained for, and that is all that can be recovered.

The liability of the insurer is measured not by the amount of the policy but by the amount of loss suffered by him. (*Heilbrunn* v. *German Alliance Insurance Company*, 150 App. Div. 670.)

It is a wise public policy and a rule of obvious and simple justice which limits contracts of insurance to liability only for indemnity of loss and thereby relieves them from any element of wager and precludes their use as a means of money making and profit.

The plaintiff in this case stands in the place of the insured who has suffered no loss, and in his name asks indemnity when no indemnity is justly due.

Findings of fact and conclusions of law may be presented awarding judgment in favor of defendant and dismissing the complaint, with costs.