Chief Judge Desmond (dissenting).
The controversy between the tenant and the landlord is not before us since the tenant was *376 denied summary judgment against the landlord at Special Term and no appeal was taken therefrom.
This appeal, therefore, concerns only the suit by the tenant against the insurance company on a policy purchased and written to protect the tenant against loss (that is, prepaid rent) in the event that fire damage should cause him to vacate the leased building. If we were construing the lease we might have difficulty with a possible ambiguity contained therein. The typed part of the lease requires the tenant to pay $12,000 annual rent in advance with no mention of rebate in case of fire, while the printed language of the lease requires the tenant to “ pay all rent to the date of said fire ”. However, the insured and the insurer resolved any such ambiguity for themselves. The insurer had the lease before it when it wrote this policy and referred to the lease in the policy. Having examined the policy the insurance company insured the interest of the tenant in the amount of advance rent paid by him “ and not recoverable ” from the landlord under the lease. This policy has no meaning whatever and covered no risk whatever unless the insured and the insurer were in effect agreeing that in the event of any such fire the insurance company would reimburse the tenant for prepaid rent. The policy even specifies the amount thereof as $1,000 per month. To say that an insurance company can write-such a policy and take a premium therefor and then refuse to pay on the happening of the risk insured against is contrary to all accepted theories of insurance and of fairness.
It really does not matter whether we say that the insurer is estopped to deny this coverage (4 Appleman, Insurance Law and Practice, p. 110; Liverpool & London Globe Ins. Co. v. Bolling, 176 Va. 182) or whether we say that insured and insurer agreed on a practical construction of the policy and, indirectly, of the lease (see Dobbins v. Pratt Chuck Co., 242 N. Y. 106, 113) or whether we say that under such an insurance arrangement the rights and liabilities of the landlord and tenant between themselves are no concern of the insurer (Kahn v. American Ins. Co., 137 Minn. 16, 19, very much in point here; Foley v. Manufacturers & Bldrs.’ Fire Ins. Co., 152N. Y. 131,135). The common sense and justice of the contract between insurer and insured is that the former, having examined the lease, agreed that in the case of a destructive fire it would pay the tenant *377 $1,000 per month for the unexpired term of the lease. The policy should be so constructed as to effect its obvious, unmistakable purpose (Birnbaum v. Jamestown Mut. Ins. Co., 298 N. Y. 305, 309, 312, 313).
The judgment appealed from should be affirmed, with costs.
Judges Dye, Froessel, Van Voorhis, Burke and Foster concur with Judge Fuld; Chief Judge Desmond dissents in a separate opinion.
Judgment reversed, with costs in all courts, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.