AETNA CASUALTY & SURETY Co., *a corporation, et al.*

*v.*

CAMERON CLAY PRODUCTS, INC., *etc., et al.*

(No. 12545)

Submitted September 20, 1966. Decided December 6, 1966.

*Steptoe & Johnston, Oscar J. Andre,* for appellants.

*Richard G. Herndon, George G. Bailey,* for appellees.

BROWNING, JUDGE:

Cameron Clay Products, Inc., one of the defendants herein, was the owner and operator of a pottery plant

in Cameron, West Virginia, in the year 1964 and had entered into insurance contracts with the four plaintiff insurance companies in a cumulative amount of $65,000.00 insuring its buildings and fixtures against loss by fire during the period in question. Each of the policies included a provision limiting recovery to the actual cash value at the time of loss ". . . nor in any event for more than the interest of the insured, . . ." and also provided that such policy was non-assignable except with the written consent of the insurer. On September 14, 1964, Cameron entered into a contract to sell its plant and properties to one Kirman for the amount of $100,000.00, the sale to be closed no later than November 30, 1964. This contract contained a provision that, should the improvements be destroyed or materially damaged previous to closing, by fire or other casualty not due to the fault of the purchaser, the purchaser could, at his option, declare the contract null and void. The contract also granted to the purchaser the right to immediate possession subject to the purchaser's first obtaining fire insurance policies with a loss payable clause in favor of Cameron, in the face amount of not less than $250,000.00. Kirman, on October 12, 1964, assigned his right under this contract of sale to Meyer J. Myer, Trustee, etc., the other defendant in the present action, who obtained fire insurance in the amount of $300,000.00 in compliance with the contract and took possession of the property.

The property was damaged or completely destroyed by fire on November 15, 1964, previous to the closing of the sale, at which time the $300,000.00 insurance obtained by Myer and the $65,000.00 insurance obtained by Cameron were in full force and effect. Thereafter, Myer instituted an action against Cameron for specific performance of the contract and on May 26, 1965, the Circuit Court of Marshall County granted the relief prayed for and adjudged Myer to be entitled to the benefits of the insurance policies maintained by Cameron and that any proceeds thereof should be received

and held by Cameron as agent or trustee for Myer. Pursuant to this order the sales contract was consummated on July 8, 1965.

On August 5, 1965, plaintiffs, the four insurers of Cameron, instituted this declaratory judgment proceeding alleging the above facts and that the defendants are now asserting a claim against them in the full amount of $65,000.00, and praying for judgment declaring neither of the defendants to be entitled to recover the $65,000.00. Attached to the complaint as exhibits are the complaint in the specific performance suit with attached exhibits, the contract of sale and assignment, and the judgment order of May 26, 1965. The defendants answered admitting the factual allegations above set forth but denying any conclusions of law arising therefrom. Both parties moved for summary judgment on the basis of the complaint, answer, exhibits and the insurance policies issued by plaintiffs filed as exhibits with defendants' motion for summary judgment.

On September 15, 1965, the Court found that: each of the four insurance policies issued by plaintiffs was valid and in effect at the time of the fire; Cameron had an insurable interest in the property at the time of the fire; the sale from Cameron to Myer was completed on July 8, 1965; and, notwithstanding the contract of sale, there may be a recovery of the insurance issued by plaintiffs. The Court then granted the defendants' motion for summary judgment, entered judgment against each of the plaintiffs for the amount due under its policy, and directed Cameron to hold such judgments and the proceeds thereof as constructive trustee for Myer, to which order this Court granted an appeal on December 14, 1965.

It would appear from an examination of the cases that there are two lines of authority upon this question. What obviously is followed by most jurisdictions may be referred to as the "New York Rule". That rule is to the effect that in the absence of any contractual

agreement to the contrary, a fire insurance policy is an agreement of indemnification, the premiums for which are computed according to the value of the property and the risk involved, so that recovery on the policy will not be denied as long as the insured has a valid insurable interest at the time of the casualty, even though there is an executory contract for the sale of the real property outstanding which is later consummated. *Dubin Paper Co. v. Insurance Co. of No. America,* 361 Pa. 68, 63 A. 2d 85, 8 A.L.R. 2d 1393; *State Mutual Fire Insurance Co. v. Updegraff,* 21 Pa. 513; *Milwaukee Mechanics Ins. Co. v. Maples,* 37 Ala. App. 74, 66 So. 2d 159; *First National Bank of Highland Park v. Boston Insurance Co.,* 17 Ill. 2d 147, 160 N. E. 2d 802; *Kahn v. American Ins. Co.,* 137 Minn. 16, 162 N. W. 685; *Benjamin v. Saratoga Co. Mutual Fire Ins. Co.* (1858), 17 N. Y. 415; *Shotwell v. Jefferson Ins. Co.* (1859), 5 Bosw. 247; See generally 8 A.L.R. 2d 1408. The contrary view, which we believe to be the minority and less acceptable rule, denies recovery where the existence of an executory contract for the sale of the real property shields the vendor from any possibility of pecuniary loss from the casualty. *Paramount Fire Ins. Co. v. Aetna Casualty & Surety Co.* (Tex., 1962), 353 S. W. 2d 841; *Ramsdell v. Ins. Co. of No. America,* 197 Wis. 136, 221 N. W. 654; *Tauriello v. Aetna Ins. Co.,* 14 N. J. Super. 530, 82 A. 2d 226.

There can be no question that at the time of the loss Cameron had in force the policies heretofore described and that it had paid premiums thereon for a long period of time previous to the loss. There is no question further that the contract between Cameron and Myer was executory and could be nullified only by Myer. Cameron could not have required specific performance after the fire. There can be no question, we further believe and hold, that at the time of the fire Cameron had an insurable interest in the property. This Court does not believe it necessary to adopt any foreign rule to determine the issues presented herein,

believing that the applicable law was settled in this jurisdiction before this state was created in the case of *The Fire and Marine Insurance Company of Wheeling v. Morrison,* 11 Leigh 354, which was appealed from Ohio County, Virginia, now West Virginia, to the Supreme Court of Virginia. Upon facts fundamentally indistinguishable from those in the instant case that Court held that "... the plaintiff is entitled to recover, notwithstanding the contract of sale, and the subsequent performance of it: 1. because the purchaser, if sued in equity for specific execution, might have set up the parol agreement to assign the policy, and, thereby entitled himself to an abatement for the loss of the house; 2. because, by the stipulation for a mortgage, the plaintiff retained an insurable interest in the premises, which gave him an immediate right of action against the insurance company upon the happening of the loss." To the same effect is *MacCutcheon v. Ingraham,* 32 W. Va. 378, 9 S. E. 260, wherein this Court held that a contract to sell insured real property, even though the insured has bound himself to convey upon the performance of certain conditions does not affect the validity of the insurance, and if a loss occurs before the conditions are performed, a recovery may be had by the insured, even though the conditions are subsequently performed.

It would appear that plaintiffs contend and rely upon the contention that Cameron is acting as an agent for Myer in claiming the $65,000.00 alleged to be owing to it by the plaintiff companies. This, the record does not disclose, necessarily, but the fifth point of the trial court's order does read: "That defendant, Cameron Clay Products, Inc., a corporation, shall hold said judgments and the proceeds thereof as constructive trustee for the defendant,Meyer J. Myer, Trustee, in accordance with the order of this Court dated the 26th day of May, 1965, entered in Civil Action No. 839-A, in which Meyer J. Myer, Trustee, was plaintiff and Cameron Clay Products, Inc., was defendant, and in

274

accordance with the defendants' joint motion for summary judgment." This record does not reveal what occurred in "Civil Action No. 839-A", and whatever took place it is obvious that Cameron did not appeal from the judgment in that case. It is the view of this Court that Cameron is entitled to receive the $65,000.00 of insurance upon its destroyed property for which it paid premiums over a period of many years and that whatever disposition may thereafter be made of the money by Cameron or by the Circuit Court of Marshall County against the wishes of Cameron is of no concern in the decision of the particular issues before the Court in this case.

The judgment of the Circuit Court of Marshall County is affirmed.

*Affirmed.*