(76 App. Div. 5.)

TIEMANN et al. v. CITIZENS' INS. CO.

(Supreme Court, Appellate Division, First Department. November 14, 1902.)

1. FIRE POLICY—CHANGE OF OWNERSHIP OF PROPERTY—WHAT CONSTITUTES—EFFECT.

A fire policy provided that it should be void if any change other than by the death of insured took place in the interest, title, or possession of the subject of insurance. After its execution one of the plaintiffs, individually and as guardian for the others, contracted to sell the property to a third party, upon the express condition that the sale should be approved by the supreme court. *Held* not to constitute a change in the "interest, title, or possession" of the property, within the policy.

2. SAME—DAMAGES.

A fire policy insured plaintiffs "against all loss or damage by fire to the amount of $6,000." Prior to a loss by fire, plaintiffs had contracted to sell the property for a certain sum, and subsequently, and after the fire, sold it for such amount. *Held* not to preclude recovery of substantial damages. under the policy.

Submission of controversy between Ella A. Tiemann and others. and the Citizens' Insurance Company. Judgment for plaintiffs.

Argued before PATTERSON, HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles B. Meyer, for plaintiffs.
Cornelius Doremus, for defendant.

INGRAHAM, J. The plaintiffs were, prior to the 29th of October, 1898, the owners of two lots of land upon which there were two dwelling houses known as Nos. 245 and 247 West 124th street, and on that day the defendant issued and delivered to the plaintiffs a policy of insurance, whereby it insured the plaintiffs for a term of one year against all direct loss or damage by fire to the said. premises.

¶ 1. See Insurance, vol. 28, Cent. Dig. § 799:.

to the amount of $6,000. That policy seems to have been in the usual form, and by its terms was to be void "if any change other than by the death of an insured take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured, or otherwise." It also appears: That on the 8th day of March, 1899, Ella A. Tiemann, individually and as special guardian of Hugh P. Tiemann and the other plaintiffs, entered into a written contract with one Wechsler, whereby she agreed to sell to the said Wechsler the lots in question, with the buildings thereon, for the sum of $55,000, the deed to be delivered on the 5th day of April, 1899. This agreement contained the following provision:

"Provided, however, that this agreement is executed and delivered upon the express condition that the same shall be approved by the supreme court of the state of New York in certain proceedings therein pending for leave to sell real estate of Edith W. Tiemann and Hugh P. Tiemann, infants; and, should said court withhold its approval of this agreement, then the same and the covenants therein contained on the part of the parties of the first part thereto shall cease, determine, and be of no effect."

After the execution of the contract, and on the 29th day of March, 1899, the buildings insured were directly damaged by fire in amounts aggregating $1,050, and notice of this fire and due proof of loss were given by the plaintiffs to the defendant within the time fixed by the policy. That the amount of the said loss was duly ascertained under the policy. That on the 2d day of April, 1899, the plaintiffs conveyed the land upon which the remains of said houses stood to Josephine Morgenthau for the consideration named in said contract, which was received by the plaintiffs, and the said grantee immediately thereupon took possession of said premises. This deed was recorded in the office of the register of the city of New York on April 4, 1899. It was not stated, however, whether the contract was assigned to the grantee in this deed, or whether the conveyance was made in pursuance thereof. The question submitted is whether the defendant is liable to the plaintiffs for the amount of this loss under this policy.

The defendant advances two propositions, which it claims are fatal to the right of the plaintiffs to recover. The first is that the policy is void under the clause which provides that the same shall be void "if any change other than by the death of the insured takes place in the interest, title, or possession of the subject of insurance." This depends upon the question as to whether the execution of the contract was a change "in the interest, title, or possession" of the buildings that were the subject of insurance. In Browning v. Insurance Co., 71 N. Y. 509, 27 Am. Rep. 86, the policy provided that, if the property be sold or transferred, or any change takes place in the title or possession thereof, the policy shall be void. It there appeared that prior to the fire the insured had made a contract with one Bowman, by which he agreed to sell and convey the premises to Bowman. Five hundred dollars of the purchase money was paid on the execution of the contract, the deed to be delivered and the trans-

fer completed on the 15th of June, 1872. In disposing of this question the court said:

"The claim made that the policy was void by the transfer to Bowman is not sustained. The contract was executory, and by its terms the conveyance was not to be made until the 18th of June, some time after the fire occurred, and certain conditions had been fulfilled by Bowman. It did not transfer title to the land, and could only be enforced by Bowman by a compliance with its conditions. The forfeiture could only attach if the property was sold or transferred, or in case of a change in the title or possession. Until the agreement was consummated there could be no such change as was contemplated by the policy. * * * This evidently means a legal transfer, which divests the party of title or control over the property."

And this decision was followed by Haight v. Insurance Co., 92 N. Y. 55, where there had been a sale under foreclosure prior to the fire, but no deed had been given. The court said:

"Until then the sale and transfer of possession were inchoate and conditional, and had not become absolute and complete."

It is claimed on behalf of the defendant that these cases do not apply, because, although there was no change in the title or possession of the property insured, there was a change of interest upon the execution of this contract; but I can see no distinction between the interest and title of a person in real property of which he is owner. The owner of real property has title to it, and the interest in it is the title that he has. There can be no change of interest in the property, except by a change of title, as it is by a conveyance of the property that the interest of the owner is changed. If the execution of a contract of sale is not a change of title, it would certainly seem to follow that it was not a change of interest. Notwithstanding the contract of sale, the plaintiffs remained the owners of the property. The contract could be enforced only by an action in equity, and neither the interest nor the title of the plaintiffs was changed by the execution of a contract to convey upon the compliance by the vendee with certain conditions specified in the contract. In Walradt v. Insurance Co., 136 N. Y. 375, 32 N. E. 1063, 32 Am. St. Rep. 752, the policy contained a clause similar to the policy in question, and in discussing this clause the court say:

"We must first determine what the parties to the contract intended when they made use of the terms, 'change in the interest, title, or possession of the subject of insurance.' The interest which a person may have in property is affected in many ways without producing a change in such interest, as that term is generally understood. When he contracts a debt or incurs an obligation, this, in a broad sense, may affect such interest, as the property constitutes the means of payment, and his pecuniary condition, in a general sense, depends upon what he has left after discharging all his debts and obligations. * * * The words 'change of interest,' as used in the policy, are substantially synonymous with the words 'change of title,' and neither event occurs until the sale upon the execution. It may be asked what effect is, under such construction, to be given to the word 'interest,' as used in the condition."

And the court held that it applied to a large class of risks in which the words "interest as used in the condition" under consideration are applicable, such as a policy in favor of parties who have a claim upon property in the nature of a lien to secure the payment of a debt and

other purposes of like character. See, also, Green v. Insurance Co., 82 N. Y. 517. In that case it was held that a mechanic's lien filed against property did not effect any change of interest in the property insured. In Germond v. Insurance Co., 2 Hun, 540, it seems to have been held that a contract of sale was such a change of interest as would avoid a policy under such a clause. This case was decided in November, 1874, and must, I think, be considered as overruled by the cases above cited. But in this case the contract of sale was not an absolute contract, but upon condition that the sale should be confirmed by the supreme court. So far as appears, that condition was never complied with; nor is it shown that this contract was ever carried out. However that may be, at the time of the fire the contract was not an absolute contract which bound the parties to it, or which worked any change of any kind in the ownership or interest of the plaintiffs. Such a contract was certainly not such a change in the interest of the plaintiffs in the property as was contemplated by this clause of the policy. In Cone v. Insurance Co., 60 N. Y. 623, it was held that, where a possessor of the legal title to real estate enters into a valid contract with a vendee who has not yet paid over the purchase money, the vendor has still an insurable interest in the premises, notwithstanding the pecuniary responsibility of the vendee.

The second objection taken by the defendant is that, as a policy of insurance is a mere contract of indemnity, to entitle the insured to recover there must be proof that the insured has suffered loss by reason of the peril insured against; and that as in this case the plaintiffs had contracted to sell the property, and subsequently, after the fire, sold it for the amount they had contracted for, the insured suffered no damage by the fire, and were entitled to recover nominal damages only. The policy insured the plaintiffs against "all direct loss or damage by fire to the amount of six thousand dollars to the following described premises, namely," two dwelling houses, etc. The submission expressly states that thereafter, and on the 29th day of March, 1899, the said buildings were directly damaged by fire in amounts aggregating $1,050. There had, therefore, been, according to the submission, a direct damage to these buildings owned by the insured in the amount sought to be recovered. To that extent the buildings were damaged, and to that extent the interest of the insured in the buildings was depreciated. While it is quite true that, if this contract had been carried out, and the plaintiffs had received the full price to be paid for the property, notwithstanding the fire, they would have received the same amount whether the fire had taken place or not, yet it has never been held in this state that such injury to specific property insured is not a damage to the owner, because the owner subsequently receives for it the same amount that he was willing to take, or had agreed to take, for the property prior to the fire; and all of the cases in which this question has been discussed, some of which have been referred to, sustain a recovery, notwithstanding the fact that there was a contract for a sale of the property in existence at the time of the fire. The plaintiffs were the owners of the property insured. The defendant had agreed to insure the plaintiffs "against all direct loss or damage by fire to the amount

of six thousand dollars to the following described property," and for this insurance the plaintiffs were paid an amount that was fixed as a proper charge for the obligation assumed. When the fire occurred the property was damaged to the amount of $1,050. The fact that the plaintiffs' property was damaged by a risk within the terms of the policy was at the time of the fire a direct damage to the plaintiffs, which the defendant had insured. The fact that the plaintiffs had offered to sell the property at the price which they subsequently obtained, notwithstanding the impairment of its value by the fire, would not release the defendant from liability; and I cannot see that the execution of this contract would have that effect. I think, therefore, that when these buildings were damaged the express terms of the policy applied, and by it the insurance company became liable to the plaintiffs to the amount that the buildings were damaged, irrespective of the subsequent disposition that they were able to make of the damaged buildings.

It follows that the plaintiffs are entitled to a judgment as prayed for in the submission, with costs. All concur.