UNITED BOND AND MORTGAGE COMPANY OF HACKEN-
SACK, NEW JERSEY, PLAINTIFF-APPELLANT, v. THE
CONCORDIA FIRE INSURANCE COMPANY OF MIL-
WAUKEE, A CORPORATION, DEFENDANT-RESPOND-
ENT.

Submitted February 15, 1934—Decided May 4, 1934.

For the plaintiff-appellant, *Hart & Vanderwart.*

For the defendant-respondent, *Lum, Tamblyn & Colyer*
(*John S. Foster*).

The opinion of the court was delivered by

BODINE, J.   The plaintiff appeals from a judgment in
favor of the defendant.   The case was tried, without a jury,
upon an agreed state of facts.

The property of one Talefano was encumbered by two
mortgages.   Separate policies of insurance existed, payable
as the interest of the respective mortgagees should appear.
The plaintiff, the second mortgagee, sues upon its policy of
insurance.   Talefano's property was damaged by fire to the
extent of $3,895.93.   This sum was less than the amount of
the first mortgage.   The amount of the loss was paid to the
first mortgagee.   Subsequently, the first mortgage was fore-
closed, and the plaintiff herein was made a party defendant
to the foreclosure proceedings.   By virtue of this proceeding
the interest of the plaintiff in the mortgaged premises was
lost.   No fact appears in the stipulation from which the
learned trial court could have found that the plaintiff suf-
fered any loss whatever by reason of the fire.   In fact, full
satisfaction for that loss was made.

It was, of course, incumbent upon the plaintiff to show damages for which it was entitled to recover under the terms of its policy of insurance. This it failed to do. One who sues upon a contract must prove damages. The facts stipulated, as before indicated, negative damages to the plaintiff by reason of the fire, but on the contrary are eloquent of the fact that its loss occurred by reason of the foreclosure.

The facts stipulated in this case are so different from those existing in *Power Building and Loan Assn.* v. *Ajax Fire Insurance Co.*, 110 *N. J. L.* 256, also before us in 112 *Id.* 193, that we need say no more than this, that in that case it was held that since it did not appear whether the debt was fully satisfied, the plaintiff, a subsequent encumbrancer, might have been damaged by the fire. However, in the present case the effect of the foreclosure was to strip the plaintiff of all interest in the mortgaged premises after full compensation for the damage to the property had been met.

The judgment is affirmed.

*For affirmance*—TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, DILL, JJ. 10.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, KAYS, WELLS, JJ. 6.