HAROLD ROSENBLOOM, Respondent, *v.* MARYLAND INSURANCE COMPANY, Appellant.

Fourth Department, November 10, 1939.

*Mackenzie, Smith & Michell* [*Charles E. Spencer* of counsel], for the appellant.

*Arnold A. Ullman* [*Norman M. Pinsky* of counsel], for the respondent.

TAYLOR, J. This is an action upon a policy of fire insurance. The plaintiff's complaint is in the usual form and contains all of the allegations necessary to the maintenance of such an action. The policy insured plaintiff's warehouse against direct loss or damage by fire in an amount not to exceed $2,000, for the term of three years from August 4, 1936, to August 4, 1939. On September 30, 1938, the property was damaged and partly destroyed by fire, resulting in an alleged loss of $1,480.28, for which amount plaintiff demands judgment.

The defendant's answer, after denying only those allegations of the complaint which relate to plaintiff's possession and ownership of the insured property and the amount of the fire loss, alleges as a partial defense that on September 23, 1938 (seven days before the fire) plaintiff — as owner of the insured property — and the Syracuse Housing Authority — as purchaser — entered into an agreement in writing under seal, whereby plaintiff offered and agreed to sell and convey the premises to the Syracuse Housing Authority, free and clear of all liens or incumbrances, at the price of $12,600, at any time within 180 days from the date of the agreement; that the offer was duly accepted by the Housing Authority on September 24, 1938; that the agreement contained the following provision: " If, in the judgment of the Authority, it is desirable to institute condemnation proceedings for the purpose of acquiring good title, then, notwithstanding the prior acceptance of this offer, the Authority, in lieu of completing the purchase of said premises, may, at any time prior to closing, proceed to acquire the same by condemnation and upon the taking thereof, the obligation of the Authority hereunder to purchase the same shall be void and of no effect. The seller agrees as an independent stipulation, which shall survive the expiration or cancellation of this offer, to such condemnation upon the payment of just compensation which shall not exceed the purchase price above stated, which price the seller hereby declares to be the fair market value of said premises, inclusive of every interest therein;" that, after the fire of September thirtieth, the Housing Authority elected to acquire the premises by condemnation as provided in the agreement and thereupon plaintiff stipulated and agreed that the fair and reasonable value of the premises, in their condition as damaged by the fire, was $12,350, and that the commissioners of appraisal in the condemnation proceedings should fix that amount as the amount to be awarded in the proceedings; that pursuant thereto, an award in such amount was made in condemnation proceedings, duly instituted and prosecuted by the Housing Authority, together with an allowance to the attorney for

plaintiff of five per cent thereof in lieu of costs, allowances and disbursements; that judgment was entered in accordance with the award and the amount thereof paid to plaintiff on December 14, 1938.

On plaintiff's motion under rule 109 of the Rules of Civil Practice, this partial defense was ordered stricken out as insufficient in law, from which order defendant appeals.

The appellant contends that if, on the trial, it establish the facts set forth in its partial defense, plaintiff's recovery will be limited to the sum of $250, which is the difference between the maximum amount which the Housing Authority would have to pay to plaintiff in order to acquire title, either by purchase or by award in condemnation proceedings, and the amount that was actually awarded and paid to plaintiff pursuant to the judgment in the condemnation proceedings. The appellant, in support of its contention, invokes the equitable doctrine that, upon the execution and delivery of a contract for the purchase and sale of real property, the vendee becomes the equitable owner and the interest of the vendor is transferred to the purchase price, and argues that a fire insurance policy, being a contract of indemnity and the recoverable indemnity being limited by the insurable interest of the insured, plaintiff's actual loss was $250 and that, to allow him to recover more, would permit plaintiff to profit by the fire.

The equitable doctrine, upon which appellant relies, is inapplicable. Section 121-b of the Insurance Law (added by Laws of 1936, chap. 252, in effect April 4, 1936) provides: " The making of a contract to sell or to exchange real property shall not constitute a change in the interest, title or possession within the meaning of the applicable provisions of a contract of fire insurance hereafter made pursuant to the standard fire insurance policy form of the State of New York." Such was the rule prior to the enactment of the statutory provision. (*Browning* v. *Home Ins. Co.*, 71 N. Y. 508.) The plaintiff was, at the time of the fire, the absolute and legal owner of the insured property so far as appellant was concerned and his insurable interest was the full value of the insured building; had his building not been insured, the loss would have been his, because section 240-a of the Real Property Law (added by Laws of 1936, chap. 731, in effect May 26, 1936) leaves a contract for the purchase and sale of real property — unless the contract expressly provide otherwise — in full force and effect if only an immaterial part thereof be destroyed without fault of the purchaser, but provides that there shall be, to the extent of the destruction, an abatement of the purchase price, and if all or a material part thereof be

destroyed without fault of the purchaser, the vendor cannot enforce the contract and the purchaser is entitled to recover any portion of the price that he has paid.

I find nothing in the contract between the plaintiff and the Housing Authority, in respect to their relations to each other or to the insured property, which is available to appellant as a defense to the policy. (*Foley* v. *Manufacturers' Fire Ins. Co.*, 152 N. Y. 131; *Tiemann* v. *Citizens' Ins. Co.*, 76 App. Div. 5; *Savarese* v. *Ohio Farmers Ins. Co.*, 260 N. Y. 45.)

The order should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order affirmed, with ten dollars costs and disbursements.