14 N.J. Super. 530 (1951)
82 A.2d 226
TERESA TAURIELLO, ET ALS., PLAINTIFFS,
v.
AETNA INSURANCE COMPANY, A CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 22, 1951.
*531 Messrs. Farkas & Samuels (Mr. Harold Farkas, appearing), attorneys for plaintiffs.
Mr. Harold D. Feuerstein, attorney for defendant.
COLIE, J.S.C.
This case was submitted to the court for decision without a jury upon a stipulation of facts which discloses that the defendant insurance company issued a standard fire insurance policy covering premises 21 through 25 Grant Street, Newark, in the amount of $10,000 to Maurizio Crescenzi. Maurizio Crescenzi died and title to the property vested in the plaintiffs herein and the policy was endorsed accordingly. Thereafter and on August 15, 1949, a fire occurred on the premises and damages ensued to the extent of $2,650. Prior to the date of Maurizio Crescenzi's death, the State of New Jersey had contracted with him to purchase said property for the sum of $30,500, and after the date of the fire the property was conveyed to the State without any abatement in the purchase price on account of the aforesaid fire. The plaintiffs by this suit seek to recover from the defendant insurance company the sum of $2,650 as a result of the fire damage to the property.
The sole question for resolution is whether the plaintiffs, who received the price which their predecessor in title agreed to accept before the fire, are thereby prevented from recovering from the defendant the agreed amount of the loss. There does not appear, or at least counsel has not been able to find, any case in this State precisely in point. The plaintiffs rely on a number of New York cases of which Tiemann v. Citizens Insurance Co., 76 App. Div. 5, 78 N.Y.S. 620 (App. Div. 1902) and Rosenbloom v. Maryland Insurance Co., 258 App. Div. 14, 15 N.Y.S.2d 304 (App. Div. 1939) are illustrative. In the Tiemann case the court said, in holding for the plaintiff: "It has never been held in this state that such injury to specific property insured is not a damage to the owner, *532 because the owner subsequently receives for it the same amount that he was willing to take, or had agreed to take, for the property prior to the fire * * *. The fact that the plaintiffs' property was damaged by a risk within the terms of the policy was at the time of the fire a direct damage to the plaintiffs, which the defendant had insured." Inferentially, the view stated in the above cases finds support in Foley v. Manufacturers & Builders Fire Insurance Co., 152 N.Y. 113, 46 N.E. 318 (Ct. of App. 1897).
The general rule is that a contract for insurance against fire is ordinarily one of indemnity under which the insured is entitled to receive indemnity or to be reimbursed for any loss that he may have sustained and cannot recover if he has sustained no loss. See 45 C.J.S. page 1009, section 915. In Draper v. Delaware State Grange Mutual Insurance Co., 28 Del. 143, 91 A. 206, it was pointed out that a fire insurance policy is a contract not to insure the property against fire but to insure the owner against loss by fire, and that the insurance company can be called upon when, and only when, the insured has sustained a loss which under the terms of the policy calls for indemnification. The same rule finds support in Patterson v. Durand, Farmers Mutual Insurance Co., 303 Ill. App. 128, 24 N.E.2d, 740 (1940).
In New Jersey the rationale of the cases cited below are in support of the above rule. In United Bond & Mortgage Co. v. Concordia Fire Insurance Co., 113 N.J.L. 28 (E. & A. 1934) the court said: "It was, of course, incumbent upon the plaintiff to show damages for which it was entitled to recover under the terms of its policy of insurance. This it failed to do. One who sues upon a contract must prove damages. The facts stipulated, as before indicated, negative damages to the plaintiff by reason of the fire, but on the contrary are eloquent of the fact that its loss occurred by reason of the foreclosure." The above quotation is in line with the decision in Power B. & L. Ass'n. v. Ajax Fire Insurance Co., 110 N.J.L. 256 (E. & A. 1933).
For the reasons above stated, judgment is entered for the defendant.