■ EVELYN DORFMAN, Appellant, v. JACK DORFMAN, Respondent.— In an action by a wife for divorce, the wife appeals, on the ground of inadequacy, from so much of an interlocutory judgment of divorce in her favor, rendered by the Supreme Court, Queens County, on March 31, 1960, after a nonjury trial, as grants her alimony of $20 per week, support and maintenance of $20 per week for each of two children of the marriage, and a counsel fee of $350. Interlocutory judgment, insofar as appealed from, affirmed, without costs. No opinion. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ ESHAN REALTY CORP., Respondent, v. STUYVESANT INSURANCE COMPANY OF NEW YORK, Appellant.— In an action to recover the face amount of a $20,000 fire insurance policy issued by defendant, the defendant appeals from a judgment of the Supreme Court, Kings County, dated June 8, 1960, for the full amount of the policy, in favor of plaintiff after a nonjury trial. The policy insured plaintiff in an amount not exceeding $20,000 to the extent of the actual cash value of the property (a brick apartment dwelling) at the time of loss, but not exceeding the cost of repairs or replacement. Defendant's liability was also limited to the proportion of the loss which the amount insured should bear to the whole insurance covering the property. Plaintiff was insured under another policy for $20,000, so that its whole insurance covering the property amounted to $40,000. Plaintiff settled with the second insurance company for $12,000. About seven months after the fire plaintiff, without repairing the property, sold it for $12,000. The learned trial court found that at the time of the fire the building had an actual cash value of $50,000 and that the cost of replacement was upwards of $40,000. The court awarded judgment against defendant for $20,000, holding that the amount received from the second insurance company should be credited against the cost of replacement, and that defendant was not entitled to credit for the $12,000 received by plaintiff on the sale of the property after the fire. Judgment modified on the law and the facts by reducing the amount thereof to $12,000, plus interest and the costs of the action. As so modified, the judgment is affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. On consideration of all the facts and circumstances disclosed by the record, which in our opinion logically tend to the formation of a correct estimate of the loss (cf. McAnarney v. Newark Fire Ins. Co., 247 N. Y. 176), we find that the actual cash value of the property at the time of the loss was $24,000, and that such amount was considerably less than the cost of repair or replacement, which a witness called by defendant had estimated in an amount upwards of $30,000. Defendant is required to pay to plaintiff, however, only $12,000 of the loss, as limited by such actual cash value, since plaintiff has already received $12,000 from the other insurance company. The trial court properly refused to reduce defendant's liability by giving it a further credit in the amount received by plaintiff on the sale of the property after the fire. Plaintiff's loss was required to be computed as of the time of the fire and defendant was not entitled to credit for any payment made for the property by a third party, not on defendant's behalf, or on behalf of any other insurer (cf. Tiemann v. Citizens' Ins. Co., 76 App. Div. 5; Rosenbloom v. Maryland Ins. Co., 258 App. Div. 14; Foley v. Manufacturers' Fire Ins. Co., 152 N. Y. 131). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur. [25 Misc 2d 828.]