## HOCHHEIM PRAIRIE FARM MUTUAL INSURANCE ASSOCIATION, Appellant,

v.

## Bobbie L. CAMPION et ux., Appellees.

### No. 1346.

Court of Civil Appeals of Texas, Corpus Christi.

April 26, 1979.

Rehearing Denied May 17, 1979.

G. Thomas Coghlan, San Antonio, Gus J. Strauss, Jr., Gaus & Strauss, Yoakum, for appellant.

Roger M. Dreyer, Perkins, Dreyer & Rather, Gonzales, for appellees.

OPINION

YOUNG, Justice.

Bobbie L. Campion and wife Gladys L. Campion, appellees, sued Hochheim Prairie Farm Mutual Insurance Association, appellant, for recovery under the terms of a fire and extended coverage (including hail) insurance policy, after two poultry houses covered by the insurance policies were damaged in a hailstorm. The primary issue on appeal is whether the trial court erred in refusing to allow Hochheim Prairie to introduce evidence that the builder of the two poultry houses replaced both of the roofs free of charge after the hailstorm and thus whether the recovery should be restricted to hail damage to the walls of the buildings. We find that the trial court incorrectly excluded this evidence and accordingly reverse and remand this case for a new trial.

The record which includes a statement of facts fairly reflects the following events. On December 18, 1975, the Campions en-

tered into a written contract with Wilson Buildings of San Antonio, Texas, for the construction of two poultry houses on their property in Gonzales County, Texas. Generally, the contract obligated Wilson to construct the poultry houses in a workmanlike manner and further guaranteed the roofs of such structures from perforation by hail for a period of fifteen years. Effective January 6, 1976, appellant, Hochheim Prairie, issued two policies of insurance to the Campions covering losses to the poultry houses due to, among other things, hail damage.

While Wilson Buildings was completing the construction of the poultry houses in question and before the Campions made final payment to Wilson Buildings, the buildings were damaged by a hailstorm on April 7, 1976. The evidence is conflicting as to whether or not the roofs were perforated. It is undisputed, however, that Wilson Buildings replaced both roofs after the hailstorm and did not charge the Campions any money in addition to that agreed upon in the original contract for the buildings.

The testimony also shows that the hailstorm caused extensive damage to the north, west and east sides of the buildings. In particular, plastic curtains covering many of the ventilating windows were torn and ripped by the hail. In this connection, Mr. Campion testified that the fair market value of the buildings prior to the hailstorm was $28,000 and that the fair market value of the buildings after the hailstorm was $14,000. Although Mr. Campion never stated what percentage of the total decrease in fair market value was due to the damage to the roof, he did state that it was his opinion that the damage to the roof was worth $12,000.

In addition to Mr. Campion's testimony, Mr. Lawrence Kridler, insurance adjuster for Hochheim Prairie, testified about the condition and value of the buildings. He said that the fair market value of the poultry houses before the storm was $30,000 and that their fair market value after the storm was somewhere between $26,000 and $28,-000. Mr. Kridler did not apportion the amount of decrease in fair market value between the damage to the roof and the damage to the walls.

The evidence indicates that at the time of trial, though the damaged roofs had been repaired, the damage to the walls and plastic window covers had not been repaired.

This case was tried to a jury which found that the fair market value of the buildings immediately before the hail damage was $28,000 and that the value immediately after the hail damage was $14,000. Appellant filed a motion for judgment notwithstanding the verdict contending that the Campions had sustained no legal loss. The motion was overruled and the trial court entered judgment that the Campions recover $14,000 from Hochheim Prairie.

Hochheim Prairie filed a motion for new trial claiming error in excluding evidence establishing that the appellees had sustained no loss by the damage to the roof and also that there was no evidence of a legal loss and that the trial court erred in overruling its motion for judgment notwithstanding the verdict. Hochheim Prairie's motion for new trial was overruled.

■ Appellant brings three points of error. Points 1 and 3 contend that the trial court erred in entering judgment for appellees in that there was no evidence that they had sustained a legal loss and that, accordingly, the trial court should have granted appellant's motion for judgment notwithstanding the verdict. We do not agree. Even if we were to assume, as the appellant contends, that the Campions sustained no pecuniary loss to the roofs of their poultry houses, the evidence is manifest that the Campions did, indeed, sustain pecuniary loss to the walls and window covers of the poultry houses. Thus, it is clear that some legal pecuniary loss was sustained, though it is unclear what percentage of the total loss in fair market value is attributable to the wall damage. Appellant's points 1 and 3 are overruled.

■ Appellant's point 2 asserts that the trial court committed prejudicial error by excluding evidence establishing that appellees sustained no legal loss. In effect, the

appellant is contending that the Campions are being unjustly enriched by receiving a double recovery for the value of the damaged roof. We agree.

In determining this issue, our first consideration is the nature of the insurance policies issued by Hochheim Prairie to the Campions. After thoroughly considering their terms we find that the instant insurance contracts were contracts of indemnity. The terms of the contracts insured the Campions against *loss* due to fire, windstorm, hurricane, *hail,* and other causes. We find that insurance against *loss,* as opposed to a contract to pay on the happening of a certain event to be one for indemnity. *Tauriello v. Aetna Ins. Co.,* 14 N.J.Super. 530, 82 A.2d 226 (1951); *Ramsdell v. Insurance Co. of North America,* 197 Wis. 136, 221 N.W. 654 (1928) (cited with approval in *Paramount Fire Ins. Co. v. Aetna Casualty & Surety Co.,* 163 Tex. 250, 353 S.W.2d 841, 845 (1962)). Texas authority confirms this position. "The term 'insurance' is defined as an undertaking by one party, usually called the 'insurer' to protect the other party, generally designated as the 'insured' or 'assured,' from *loss* arising from named risks . . . ." *McBroome-Bennett Plumbing, Inc. v. Villa France, Inc.,* 515 S.W.2d 32, 36 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.) (emphasis added). A contract of insurance is personal to the insured and is for his indemnity. An insurance policy is basically a personal, indemnity contract. *Paramount Fire Ins. Co. v. Aetna Cas. & Surety Co.,* supra; *Fire Ass'n of Philadelphia v. Strayhorn,* 211 S.W. 447 (Tex.Com.App.1919, holding approved). As a result, we find the instant insurance contracts to be contracts of indemnity.

The purpose and function of a contract of indemnity is to insure against actual pecuniary loss sustained by reason of perils named in the insurance contract. See *Paramount Fire Ins. Co. v. Aetna Cas. & Surety Co.,* supra; 30 Tex.Jur.2d, Indemnity § 11 (1962). Appellant herein pled in the trial court that the Campions' purported loss was mitigated by a related transaction with the Wilson Building Company. Such

was a legal defense, and the appellant should have been allowed to introduce testimony to show that the Campions had incurred no pecuniary loss to the roof as a result of the hailstorm. See *Leggio v. Millers National Insurance Co.,* 398 S.W.2d 607, 611 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.).

Our decision is directed by *Paramount Fire Ins. Co. v. Aetna Cas. & Surety Co.,* supra. In that case a seller and a purchaser entered into a contract to sell a parcel of land and the buildings thereon. Both the seller and the purchaser then secured insurance against fire loss to the property. Shortly before the closing date, a fire destroyed the property. The purchaser, however, paid the seller the full amount of the contract price for the property and the seller thereafter assigned all of his rights in his insurance policy to the purchaser. The insurance companies of both the seller and the purchaser settled with the purchaser and then the companies sued each other to determine which one was liable for the fire damage. The Supreme Court found that the seller's insurance company was not liable for any of the fire damage in that the seller, by receiving the full amount of the contract price after the fire, had not incurred any pecuniary loss. Similarly, in our case, the Campions, as purchasers, received new roofs on their poultry houses without having to pay any additional money to the contractor. Thus, the loss to the buildings was diminished and this evidence should have been permitted to be introduced at the trial of the cause. See also *McConnell Const. Co. v. Insurance Co. of St. Louis,* 428 S.W.2d 659, 662 (Tex.Sup.1968).

The judgment of the trial is reversed and the cause is remanded for trial.

BISSETT, J., not participating.