The SECOND INJURY FUND of the State of Texas, Appellant,

v.

Walter JOHNSON, et ux., Appellees.

No. 14168.

Court of Appeals of Texas, Austin.

Sept. 12, 1984.

Rehearing Denied Oct. 24, 1984.

Jim Mattox, Atty. Gen., Philip Durst, Asst. Atty. Gen., Austin, for appellant.

Dan Street, Bean, Francis, Wills & Street, Dallas, for appellees.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

PHILLIPS, Chief Justice.

The Second Injury Fund of the State of Texas [The Fund] appeals from the trial court's judgment by which the trial court ruled that The Fund had no right of subrogation.

We reverse and remand.

In 1979 Walter Johnson sustained an injury in the course of his employment which resulted in the loss of vision in his left eye; prior to this injury Johnson had suffered a loss of vision in his right eye. The second injury rendered Johnson totally and permanently disabled.

Thereafter, Johnson and his wife brought suit against Texas Industries, Inc. (TI) had negligently caused damage to his eye that resulted in total blindness (cause # 323,195). Texas Employers' Insurance Association (TEIA) and The Fund filed petitions in intervention; they contended that if TI was liable to the Johnsons that TEIA and The Fund would be subrogated to the rights of the Johnsons against TI. TEIA asserted that it carried workers' compensation insurance on Johnson's employer and that it had paid compensation benefits to Johnson. The Fund also contended it had paid compensation benefits to Johnson.

In 1983 the trial court entered a "Compromise Settlement And Final Judgment" in cause # 323,195. Therein it was recited that TI had agreed to pay the Johnsons a sum certain plus a lifetime annuity and that TI had agreed to pay TEIA a sum certain. By agreement of all parties the "claims and causes of action" asserted by The Fund were severed and it was directed that such "claims and causes of action" should proceed to conclusion under cause # 323,195–A.

At a subsequent hearing on cause # 323,-195–A, the parties made the following stipulation:

Intervenor, The Second Injury Trust Fund has previously paid to Plaintiff, Walter Johnson the sum of $30,499.43 pursuant to Tex.Rev.Civ.Stat.Ann. art. Section 12c, et seq. for his loss of vision arising out of the injury sustained on or about November 30, 1979. The parties do not stipulate as to whether or not Intervenor, the Second Injury Trust Fund, is entitled to a subrogation interest in the outcome of the above captioned suit [cause # 323,195] as such is a question of law to be determined by the court.

The trial court entered an order by which it decreed that The Fund has no right of subrogation. It ordered that all funds held for the benefit of plaintiffs be distributed. We are called upon to determine whether the trial court erred in ruling that The Fund has no right to subrogation.

Texas Rev.Civ.Stat.Ann. art. 8306 (Supp. 1984) provides in relevant part as follows:

Sec. 12c–1. If an employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg, or one eye, becomes permanently and totally incapacitated through the loss or loss of use of another member or organ, the association shall be liable only for the compensation payable for such second injury; provided, however, that in addition to such compensation and after the combination of the payments therefor, the employee shall be paid the remainder of the compensation that would be due for the total permanent incapacity out of the special fund known as "Second Injury Fund," hereinafter defined.

\*   \*   \*   \*   \*   \*

Sec. 12c–2. The special fund known as the "Second Injury Fund" shall be created in the following manner:

(a) In every case of the death of an employee under this Act where there is no person entitled to compensation surviving said employee, the association shall pay to the Industrial Accident Board the full death benefits, but not to exceed 360 weeks of compensation, as provided in Section 8, of Article 8306, Revised Civil Statutes of Texas, 1925, as amended, to be deposited with the Treasurer of the State for the benefit of said Fund and the Board shall, direct the distribution thereof.

Texas Rev.Civ.Stat.Ann. art. 8307, § 6a (Supp.1984) provides in relevant part as follows:

> If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the *association* shall be subrogated to the rights of the injured employee, and may enforce in the name of the injured employee or of his legal beneficiaries the liability of said other person, and in case the recovery is for a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, then out of the sum so recovered the association shall reimburse itself and pay said costs and the excess so recovered shall be paid to the injured employee or his beneficiaries.

(emphasis added). Texas Rev.Civ.Stat. Ann. art. 8309 (1967) provides, in relevant part, as follows:

> Section 1. The following words and phrases as used in this Act shall, unless a different meaning is plainly required by the context, have the following meanings, respectively:
>
> \*     \*     \*     \*     \*     \*
>
> "Association" shall mean the "Texas Employers' Insurance Association" or other insurance company authorized under this Act to insure the payment of compensation to injured employees or to the beneficiaries of deceased employees.
>
> \*     \*     \*     \*     \*     \*

■ The purpose of The Fund is to limit the liability of an employer of a handicapped person to compensation commensurate with the injury suffered by such employee while in the employer's service. *See Gilmore v. Lumbermen's Reciprocal Ass'n*, 292 S.W. 204 (Tex.Comm.App.1927). The Fund thereby encourages employment of the handicapped. *Miears v. Industrial Accident Bd.*, 149 Tex. 270, 232 S.W.2d 671 (1950). The Fund pays the injured employee the difference between the statutory compensation provided for the second injury and the amount which otherwise would be allowed for the incapacity resulting from the combined effect of both injuries.

*Industrial Accident Bd. v. Guidry*, 162 Tex. 160, 345 S.W.2d 509 (1961).

Article 8307, § 6a gives "the association" a right of subrogation. "Association" is defined in Art. 8309, § 1 as being either TEIA or an "insurance company" authorized to insure the payment of compensation. Neither Art. 8307 or 8309 expressly refers to The Fund. Art. 8306 makes no provision for subrogation.

■ Since the several provisions of the workers' compensation law are in *pari materia*, it follows that it was the intention of the Legislature within certain limitations that The Fund be administered in accordance with the existing workers' compensation statutory framework. *Industrial Accident Bd. v. Parker*, 348 S.W.2d 188 (Tex. Civ.App.1960, writ ref'd n.r.e.); *see Industrial Accident Bd. v. Guidry, supra*.

> Therefore, it may be said, it was the intention of the Legislature in second injury cases that the Second Injury Fund be substituted for the compensation insurer in the administration of the law to the extent necessary to accomplish the purposes of the Second Injury Fund Act. It is the legislative intention that the Second Injury Fund stand as the compensation insurer in Second Injury cases so far as a just and harmonious interpretation of the numerous provisions of the compensation law will permit. However, this does not mean that a substitution was intended concerning subject matter exclusively within the competence of a compensation insurer, or conferring a benefit enjoyable only by the insurer, or a duty which the insurer alone could execute; nor where to substitute would result in a conflict or hiatus in provisions, or a nullification of the purposes of the Compensation Law.

*Industrial Accident Bd. v. Parker, supra*.

■ In construing the statutory provisions relating to The Second Injury Fund, the interpretation which is most beneficial to injured employees and which will best promote the purposes of the Workers' Compensation Act will be employed. *Industrial Accident Bd. v. Parker, supra*.

The primary purpose of the Workers' Compensation Act is to benefit and protect injured employees. *Id.*

With these concepts in mind we must ascertain whether The Fund is an "insurance company authorized under this Act to insure the payment of compensation...." "Insurance" has been defined as an undertaking by one party to protect another party from loss arising from a named risk. *Hochheim Prairie Farm, Etc. v. Campion*, 581 S.W.2d 254, 257 (Tex.Civ.App. 1979, writ ref'd n.r.e.); *McBroome-Bennett Plumbing, Inc. v. Villa France, Inc.*, 515 S.W.2d 32, 36 (Tex.Civ.App.1974, writ ref'd n.r.e.). This appears to be consistent with the service provided by the fund.

■ To hold that The Fund is not entitled to be subrogated to its payees' claims would result in a windfall (partial double recovery) for payees, such as Johnson, who have a claim against third parties. The purpose of The Fund is not to provide a double recovery for some handicapped claimants; the purpose is to provide a complete recovery for all qualified handicapped claimants while maximizing their employment opportunities.

■ We hold that The Fund is entitled to be subrogated to its payees' claims. The trial court erred in concluding otherwise. The trial court's judgment is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

BRADY, Justice, dissenting.

I respectfully dissent.

Subrogation in workers' compensation cases is a statutorily created right. It must be specifically granted by the Legislature. The Legislature created and set out the authority of the Second Injury Trust Fund in Art. 8306, Sec. 12c, Sec. 12c–1, and Sec. 12c–2. No right of subrogation is granted in this or any other statute.

The section of the Workers' Compensation Act which deals with rights of subrogation is Art. 8307, Sec. 6a. That section reads specifically and solely in terms of the "association" with regard to subrogation

rights. The "association" and the "Second Injury Trust Fund" are not the same thing.

There is no equitable right of subrogation. *Aetna Life Ins. Co. v. Otis Elevator Co.*, 204 S.W. 376 (Tex.Civ.App.1918); and most recently it was held that there is no equitable right of subrogation as to workers' compensation medical benefits paid by an insurance carrier; *Finch v. Texas Emp. Ins. Ass'n*, 535 S.W.2d 201 (Tex.Civ.App. 1976, writ ref'd n.r.e.). Right of the carrier to be subrogated to the rights of the injured employee is strictly statutory.

Appellant bases its contention on the rather emotional argument that the right of subrogation here would make more funds available to compensate other handicapped persons unable to recover from two sources and would prevent the unjust enrichment of those who recover from two sources. However, it is not the office of this Court to legislate. It is solely within the province of the Legislature to provide adequate funding for the programs it has created. The Legislature of this State has met many times since the creation of the Second Injury Trust Fund, and none has granted any right of subrogation to take back the benefits already paid to an injured workman.

The case of *Industrial Accident Board v. Texas Employers' Insurance Association*, 162 Tex. 244, 345 S.W.2d 718 (1961) is instructive. There the Supreme Court of this State recognized that the second injury fund is merely a creation of statute and "it is only when the facts meet the requirements of the act that the fund has any rights." This case was an affirmance of a previous holding by *this* Court denying any recovery for the fund. *Industrial Accident Board v. Texas Employers' Ins. Ass'n*, 336 S.W.2d 216 (Tex.Civ.App.1960). Further, by explanation, the Supreme Court stated that payments into the fund are fixed in an arbitrary amount by the legislature, and are not "obtained by proceedings for compensation for an injury." Under *Miears v. Industrial Accident Board*, 149 Tex. 270, 232 S.W.2d 671 (1950) a suit involving the Second Injury Fund,

held that the Workers' Compensation Act should be construed liberally in favor of the injured workman. The rule has been followed consistently. *See* Chief Justice Pope's opinion in *Harris v. Casualty Reciprocal Exchange,* 632 S.W.2d 714, 718 (Tex.1982).

I would affirm the judgment of the trial court.