**SECOND INJURY FUND, State of Texas, Appellant,**

v.

**Vera N. MARTINEZ, Appellee.**

**No. 3-87-208-CV.**

Court of Appeals of Texas, Austin.

Sept. 7, 1988.

Rehearing Denied Sept. 28, 1988.

Jim Mattox, Atty. Gen., Helen Bright, Asst. Atty. Gen., Austin, for appellant.

Jack W. London, Law Offices of Jack W. London & Associates, P.C., Austin, for appellee.

Before POWERS, BRADY and CARROLL, JJ.

PER CURIAM.

The Second Injury Fund, State of Texas, appeals the district court's judgment ordering that it pay workers' compensation benefits to appellee, Vera Martinez. The judgment decreed that both the compensation carrier, Standard Fire Insurance Company, and appellant, the Second Injury Fund, pay appellee benefits due after a second injury totally and permanently incapacitated her. Tex.Rev.Civ.Stat.Ann. art. 8306, § 12c–1 (Supp.1988).[1] Appellant asserts, by a single point of error, that the trial court lacked jurisdiction over the Fund because appellee failed to file suit against it within the time limit specified by art. 8307, § 5.[2] We will reverse the judgment of the trial court against the Second Injury Fund and render judgment that appellee take nothing against the Fund.

In 1983, appellee injured her left leg while at work. She timely notified her employer and filed a claim for workers' compensation with the Industrial Accident Board. Before the Board, appellee asserted that the total and permanent loss of use of her left leg, combined with pre-existing polio in her right leg, totally and permanently disabled her. On January 28, 1986, the Board awarded appellee compensation for 200 weeks for the total loss of use of her left leg only. On January 30, 1986, appellee both notified the Board of her intention to appeal the award and filed suit against the carrier in the district court. The carrier filed a third-party petition on September 26, 1986, against appellant, the Second Injury Fund. On the same date, appellee filed her first supplemental petition, naming the Second Injury Fund as a defendant.

At trial, the carrier admitted liability for total disability to appellee's left leg. The jury found that the loss of use of appellee's right leg, due to polio, combined with the injury to her left leg to cause her total and permanent incapacity. The judgment or-

dered the carrier to compensate appellee for the injury to her left leg, the second injury, and ordered appellant to compensate appellee for her total, permanent incapacity, minus the amount paid by the carrier.

Article 8307, § 5, grants the employee the right to appeal from the decision of the Industrial Accident Board by way of a direct cause of action against the insurance carrier. Under § 5, any interested party who does not consent to abide by the final ruling of the Board must file with the Board notice of intent to appeal within 20 days of the Board's decision. Within 20 days after giving notice, the party must bring suit in the county where the injury occurred or where the employee resided at the time of injury. Art. 8307, § 5. The twenty-day period for filing a petition is mandatory and jurisdictional. Failure to file within the statutory period leaves the court without jurisdiction over the case. *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678 (Tex.1979). The right to appeal a decision of the Industrial Accident Board rests entirely on statute, rather than the common law, and the statute both creates and measures the rights of parties proceeding under the Workers' Compensation Act. *Second Injury Fund v. Keaton*, 162 Tex. 250, 345 S.W.2d 711 (Tex.1961). The question in this appeal is whether the requirement of art. 8307, § 5, that the claimant file suit within 20 days of giving the Board notice of intent to appeal applies to the Second Injury Fund.

In 1947, the Texas Legislature created the Second Injury Fund by amending § 12c of art. 8306 and adding to it two new sections, 12c–1 and 12c–2. 1947 Tex.Gen. Laws, ch. 349, § 1, at 690 [since amended]. If an employee, who has previously suffered a specific injury, sustains a second specific injury which totally and permanently incapacitates him, the compensation carrier is liable to the employee only for the compensation payable for the second

1. All statutory references are to Tex.Rev.Civ. Stat.Ann. (Supp.1988).

2. Although appellant purports to appeal the trial court's orders denying its plea to the jurisdiction and overruling its motion for summary judg-

ment, these orders were interlocutory and, therefore, unappealable. We will treat the appeal as one from a final judgment, with a point of error that the trial court erred in overruling appellant's plea to the jurisdiction.

injury; the Second Injury Fund is liable to the employee for the remainder of the compensation due for total and permanent incapacity. Art. 8306, §§ 12c and 12c–1. From 1947 to 1971, and since 1977, § 12c has entitled the carrier to a proportionate reduction defense against a claim for total, permanent incapacity and it has given the employee a claim against the Second Injury Fund to recover the balance of compensation due for total, permanent incapacity. *Mathis v. Charter Oak Fire Ins. Co.*, 707 S.W.2d 234 (Tex.App.1986, writ ref'd n.r.e.).

The Second Injury Fund provisions of art. 8306 are an integral part of the Workers' Compensation Act. *Industrial Accident Board v. Guidry*, 162 Tex. 160, 345 S.W.2d 509 (Tex.1961); *Second Injury Fund v. Keaton, supra.* They are in every respect of equal materiality with its other provisions. *Industrial Accident Board v. Parker*, 348 S.W.2d 188 (Tex.Civ. App.1960, writ ref'd n.r.e.). In the silence of the Fund provisions on other procedural aspects of pursuing a claim against the Fund, the judicial approach has been to apply to the Fund the relevant parts of the Act pertaining to insurers. The courts have reasoned that the Fund should be administered in harmony with the existing law and that a proceeding by a claimant against the Fund does not differ materially from a proceeding by a claimant against the insurer; the courts have therefore held that the jurisdictional requirements for suits against carriers apply to suits against the Fund. For example, the venue provision of art. 8307, § 5, has been held to govern an employee's suit to recover compensation from the Second Injury Fund. *Industrial Accident Board v. Miears*, 227 S.W.2d 571 (Tex.Civ.App.), *aff'd in part and rev'd in part, on other grounds*, 232 S.W.2d 671 (Tex.1950). *See also Industrial Accident Board v. Guidry, supra* (notice and claim requirements of art. 8307, § 4a, apply to suits against Fund); *Industrial Accident Board v. Parker, supra* (good cause defense of art. 8307, § 4a, applies in suits against Fund). Additionally, because the carrier and the Fund are jointly liable in second injury cases, it has been thought reasonable for the employee to pursue his claims against both in a single appeal. *Industrial Accident Board v. Miears, supra.* If the legislature had intended to provide different periods of time within which to file suit against the Fund, it could easily have written such provisions in the Fund amendment to the Workers' Compensation Act. *See Industrial Accident Board v. Guidry, supra.* We believe that as the Fund provisions are now written the jurisdictional prerequisites of art. 8307, § 5, apply to suits against the Fund: a claimant must file suit against the Second Injury Fund within 20 days after notifying the Board of his intention to appeal in order to recover from the Fund.

In this case, appellee's original petition, filed January 30, 1986, named only the compensation carrier as a defendant. Appellee's first supplemental petition, filed over 7 months after the original petition was filed, was too late to allow the trial court to acquire jurisdiction over the Second Injury Fund. *Richards v. Consolidated Underwriters*, 411 S.W.2d 436 (Tex.Civ. App.1967, writ ref'd); *Cormier v. Texas Emp. Ins. Ass'n*, 564 S.W.2d 177 (Tex.Civ. App.1978, writ ref'd n.r.e.). Defendants in a suit to set aside an award of the Board have until their appearance date to join other parties who have been before the Board. *Latham v. Security Insurance Co. of Hartford*, 491 S.W.2d 100 (Tex. 1972). However, the compensation carrier's third-party petition, also filed over seven months after the original petition was filed, was too late to take advantage of this rule. Because appellee did not file suit against the Second Injury Fund within 20 days after giving notice of intent to appeal the Board's award, and the carrier did not join the Fund by its appearance date, the trial court never acquired jurisdiction over the Second Injury Fund. Therefore, the court's judgment ordering the Fund to pay appellee $31,722.50 is reversed and it is ordered that appellee take nothing from the fund.

BRADY, J., not participating.